ALMA SHOSHONETZ, Respondent, *v.* ALMA B. CAMPBELL, and Another, Appellants.

Conditional Sale.—Delivery of Possession.—Fraud.—A conditional sale of personal property, with delivery of possession to the vendee with an agreement that the property in the chattels is not to vest in the vendee until the performance of the condition, is not fraudulent *per se,* and is valid as against third persons claiming through the vendee.

Id.—Claim and Delivery.—Mortgagee of Chattels.—In an action brought by the owner of chattels against the mortgagee in possession under a chattel mortgage, where it appears that the title was not to vest in the mortgagor, the buyer, until

payment was made of the balance of the purchase money, but delivery of the chattels was made to the buyer, the mortgagor, who thereupon mortgaged the chattels to the respondent mortgagee, *held* that the sale was conditional and did not vest the title in the mortgagor until the condition was performed.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Messrs. Kimball and White,* for the appellants.

*Mr. Thomas Maloney,* for the respondents.

ZANE, C. J.:

The plaintiff instituted this action to recover nineteen cayuse horses, alleged to be worth $550, and $100 damages for the wrongful taking and detention of them. The defendants filed an answer denying the allegations of the complaint, and the issues were submitted to a jury upon the evidence and the instructions of the court, and a verdict was found for the plaintiff that the right of property and possession was in him; that its value was $550; and that the damages for its detention were $130. A motion for a new trial was made by the defendants and overruled by the court, and judgment was rendered upon the verdict. This appeal is from that judgment and order.

It appears from the record that the plaintiff was one of a band of Indians who had separated from their tribe, and were living in Utah, off their reservation; that the horses in question were owned by plaintiff and members of his band; that he was authorized by the owners of those that did not belong to him to sell, and for that purpose he was intrusted with possession. It also appears from the record that the defendant Campbell went to Washakie, where the Indians lived, and made a verbal

bargain with the plaintiff through an interpreter. While the evidence as to the terms of this contract was conflicting, we are disposed to hold that it authorized the jury to find that Campbell undertook to pay $800 for the horses; that $250 of that sum was paid down, and that he was bound to pay the residue within ten days thereafter; that Campbell was intrusted with the possession of the horses, and allowed to take them to Ogden City, but that the title was not to vest in him unless he paid such residue within the ten days. Such a transaction would amount to a conditional sale. It appears from the evidence that before the expiration of the time within which the deferred payment was to be made Campbell executed to the defendant Adams a chattel mortgage on the property, and that the residue, or any part thereof, was not paid, and that a sufficient demand was made upon the defendants for possession. Upon a careful consideration of the evidence in the record, we are of the opinion that the true intent of the parties to the contract under consideration was that the title to the horses in question should vest in Campbell upon the payment of the $550 within the ten days from the date of the contract, and that the sale was a conditional one. There is no evidence tending to show bad faith on the part of the plaintiff; and a conditional sale of personal property made in good faith is valid against third parties claiming under or through the purchaser as well as against the purchaser himself. *Russell* v. *Harkness*, 4 Utah, 197, 7 Pac. Rep. 865; *Harkness* v. *Russell*, 118 U. S. 663, 7 Sup. Ct. Rep. 51. The judgment of the district court is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.